# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDEPENDENCE RESTAURANT GROUP, LLC d/b/a INDEPENDENCE BEER GARDEN on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,<br><br>Defendant. | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Independence Restaurant Group, LLC d/b/a Independence Beer Garden ("Plaintiff" or "IRG") brings this Complaint on behalf of itself and all others similarly situated in the Commonwealth of Pennsylvania (the "Class"), alleging relief against Defendant Certain Underwriters at Lloyd's, London ("Defendant" or "Lloyd's") and avers as follows:

## NATURE OF THE CASE

1. This is a class action seeking declaratory relief arising from Plaintiff and Class Members' contracts of insurance with Defendant.

2. In light of the global coronavirus disease 2019 ("COVID-19") pandemic and orders issued by the Commonwealth of Pennsylvania and local governments within the Commonwealth of Pennsylvania ("Civil Authority Orders") mandating that all non-essential in-store businesses must shut down, businesses, including but not limited to Plaintiff's business, have suffered significant business losses.

3. Plaintiff and Class Members' insurance policies with Defendant are "All Risk" policies which provide coverage for all non-excluded business losses, and thus provide coverage here.

4. As a result, Plaintiff and Class Members are entitled to declaratory relief that their businesses are covered for all business losses to the extent of all applicable coverage limits under their policies with Defendant.

## JURISDICTION

5. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) because: (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (2) the action is a class action; (3) there are members of the Class who are diverse from Defendant; and (4) there are more than 100 Class members.

6. This Court has personal jurisdiction over Defendant Lloyd's. At all relevant times Defendant has engaged in substantial business activities in the Commonwealth of Pennsylvania, including transacting, soliciting and conducting business in Pennsylvania through its employees, agents, and/or sales representatives, and has derived substantial revenue from such business in Pennsylvania. Defendant purposefully availed itself of personal jurisdiction in Pennsylvania by contracting to provide insurance coverage that is the subject of this action to Plaintiff and Class Members in Pennsylvania.

7. Defendant's principal place of business and headquarters are located in London, England.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) and (2) because Plaintiff is a Pennsylvania Limited Liability Company and because many of the events, acts or omissions giving rise to the claim occurred in this District.

**PARTIES**

9. Plaintiff IRG is a Limited Liability Company organized and existing under the laws of the Commonwealth of Pennsylvania, where it maintains its principal place of business. Plaintiff IRG owns, operates, manages, and/or controls Independence Beer Garden, which is located at 100 S. Independence Mall W, Philadelphia, Pennsylvania 19106.

10. Defendant Lloyd's, an insurance carrier headquartered at One Lime Street, London EC3M 7HA, provides business interruption and related insurance coverage to Plaintiff and Class members.

**FACTS**

**The Policy**

11. At all relevant times, Defendant issued an insurance policy to Plaintiff IRG (policy number W242D9190201) that included coverage for business interruption losses incurred by Plaintiff from August 14, 2019 until August 14, 2020 (hereinafter, the "Policy"). *See* Policy, attached hereto as Exhibit 1.

12. The Policy, currently in full force and effect, includes coverage for, among other things, the building, personal property and business income with extra expense and rental income.

13. Plaintiff timely submitted a claim for loss of business income and related losses under the Policy arising from the COVID-19 pandemic and civil authority shutdowns of businesses in the Commonwealth of Pennsylvania. After more than 30 days, Lloyd's has failed to provide coverage, and has communicated its intention to deny any claims submitted by Plaintiff and Class members for losses arising from the COVID-19 pandemic or associated civil authority shutdowns.

14. On information and belief, Lloyd's position is that its insurance policies do not provide coverage for business income losses based upon the allegation that there is no direct

physical loss or damage to the plaintiff's property. Plaintiff also believes that Lloyd's will assert that closure for Civil Authority coverage requires physical damage to another property.

15. Plaintiff and Class Members faithfully paid policy premiums to Defendant, specifically to provide, among other things, additional coverages in the event of business interruption and/or closures by order of Civil Authority and for business loss for property damage.

16. The terms of the Policy explicitly provide the insured with insurance coverage for actual loss of business income sustained, along with any necessary extra expenses incurred, when access to the Insured's properties is specifically prohibited by Civil Authority Orders. This additional coverage is identified as coverage under "Civil Authority."

17. The Policy is an all-risk policy, insofar as it provides that covered causes of loss under the policy provide coverage for all covered losses, including but not limited to direct physical loss of or damage to insured property, unless a loss is specifically excluded or limited in the Policy.

18. The Policy also provides coverage for damages resulting from business interruption when there is direct physical loss or damage.

19. Plaintiff's Policy and Class Members' policies *do not contain virus or pandemic exclusions*, and Defendant has not offered the existence of a virus or pandemic as a basis to deny coverage.

20. Nonetheless, based on information and belief, Defendant has accepted policy premiums paid by Plaintiff and the Class Members with no intention of providing coverage for business income losses resulting from direct physical loss and/or orders of a Civil Authority that the insured businesses be shut down, or for any related property damage.

21. On information and belief, Defendant intends to assert that the pandemic has not caused Plaintiff and the proposed Class Members to incur lost business income and related losses

as a result of direct physical loss or damage arising from business income and/or Civil Authority Orders.  In fact, however, the COVID-19 pandemic has caused and continues to cause Plaintiff and the Class Members to sustain direct physical loss and property damage.  Moreover, the Civil Authority Orders have also caused Plaintiff and the proposed Class to suffer covered property damage and business income losses.

22. The Supreme Court of Pennsylvania reviewed the constitutionality of Governor Wolf's Orders in Friends of Danny Devito v. Tom Wolf, No. 68 MM 2002, noting that the COVID-19 pandemic "qualifies as a 'natural disaster'" in that it involves 'substantial damage to property, hardship, suffering or possible loss of life.'" The Court further recognized that "[t]he virus spreads primarily through person-to-person contact, has an incubation period of up to fourteen days, one in four carriers of the virus are asymptomatic, and the virus can live on surfaces for up to four days. Thus, any location (including Petitioner's businesses) where two or more people can congregate is within the disaster area."

## The COVID-19 Pandemic

23. The scientific community, and those personally affected by the virus, recognize COVID-19 as a cause of real physical loss of or damage to property. It is clear that contamination of the Insured Properties would be a direct physical loss requiring remediation to clean and disinfect the affected businesses.

24. Additionally, the inability to access and use a property for its intended purposes is recognized as a direct physical loss.

25. Upon information and belief, the virus that causes COVID-19 remains stable and transmittable in airborne aerosols for up to three hours; on copper for up to four hours; on cardboard for up to 24 hours; and on plastic and stainless steel for up to two to three days. *See*

https://www.nih.gov/news-events/news-releases/new-coronavirus-stable-hours-surfaces (last visited May 13, 2020).

26. The CDC has issued guidance recommending that gatherings of more than 10 people must not occur. People in congregate environments, which are places where people live, eat, and sleep in close proximity, face increased danger of contracting COVID-19.

27. The global Coronavirus pandemic is exacerbated by the fact that the deadly virus physically infects and stays on surfaces of objects or materials as "fomites" for up to twenty-eight (28) days.

28. China, Italy, France, and Spain have implemented procedures requiring the cleaning and disinfection of public areas prior to allowing them to re-open due to COVID-19 contamination.

## Civil Authority in Pennsylvania

29. On March 6, 2020, Pennsylvania Governor Tom Wolf signed an emergency disaster declaration for the Commonwealth of Pennsylvania as a result of COVID-19.

30. On March 12, 2020, Governor Wolf began ordering county closures, beginning with Montgomery County and culminating with a statewide closure of all "non life-sustaining," businesses, including businesses owned and operated by Plaintiff and the Class Members, on March 19, 2020.

31. Governor Wolf also issued a stay-at-home order requiring all non-essential workers to stay at home as a result of the COVID-19 pandemic. To date, this order has been extended to at least June 4, 2020 for the Philadelphia area. The restrictions are as follows:

    a. **Travel outside home:** Only for essential needs/work.

    b. **Gatherings:** Gatherings are generally prohibited.

    c. **Businesses:** Non life-sustaining businesses must close or operate remotely.

      d. **Quarantines:** No statewide directive.

      e. **Bars/restaurants:** Dine-out only.

      f. **Beaches/parks:** Trails, lakes, roads and parking are limited to "passive and dispersed recreation."

32. Plaintiff's business has been unable to operate and has suffered a direct physical loss resulting in business interruption and loss of income as a result of the COVID-19 pandemic and/or the Civil Authority stay-at-home orders for public safety issued by the Commonwealth of Pennsylvania. Accordingly, Plaintiff has submitted a valid, covered claim to Lloyd's under the Policy for such losses.

33. The Civil Authority Orders and proclamations referenced herein, as they relate to the closure of all "non life- sustaining businesses," reflect an awareness on the part of both state and local governments that COVID-19 causes damage to property. This is particularly true for businesses such as Plaintiff's, where customer or client interaction and personal contact results in a heightened risk of the property becoming contaminated.

### Impact on Plaintiff and the Class

34. As a result of the direct physical loss from the COVID-19 virus and/or Civil Authority Orders referenced herein, Plaintiff's business has remained closed, resulting in the aforementioned business interruption and loss of income.

35. A declaratory judgment determining that Plaintiff is entitled to business income loss coverage under the Policy and that Class Members are entitled to business income loss coverage under their respective policies is necessary to prevent Plaintiff and Class Members from being left without bargained-for insurance coverage which Defendant is contractually obligated to provide.

36. As a result of the COVID-19 virus and/or Civil Authority Orders, Plaintiff and Class Members have incurred, and continue to incur, a substantial loss of business income and additional expenses, which losses are covered under the terms of Defendant's insurance policies.

## CLASS ALLEGATIONS

37. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) on behalf of the following Class:

> All businesses in the Commonwealth of Pennsylvania that are insured through all-risk policies with Lloyd's that do not contain virus and/or pandemic exclusions, which have suffered business interruption and lost income as a result of the COVID-19 pandemic and/or the Civil Authority Orders issued in response to the COVID-19 pandemic.

38. Upon information and belief, Defendant has refused to cover business interruption losses for all businesses it insures in the Commonwealth of Pennsylvania in contravention of the uniform language contained in the insurance policies it has issued to those businesses.

39. The exact number of the Class Members is unknown as such information is in the exclusive control of Defendant. However, Plaintiff believes and avers that the Class consists of hundreds of insureds throughout the Commonwealth of Pennsylvania, making joinder of the Class Members impractical.

40. Common questions of law and fact affect the rights of each Class member. Plaintiff is seeking Declaratory Relief for all Class Members who own and/or operate businesses who are insured with Lloyd's policies similar to the Policy issued to Plaintiff. Declaratory relief will permit adjudication of the rights of all parties as to whether Defendant's policies provide coverage for business interruption losses the Class has suffered as a result of the COVID-19 pandemic and/or resulting Civil Authority Orders.

41. Common questions of law and fact that affect the Class members include, but are not limited to:

   a. Whether the COVID-19 pandemic constitutes a prohibition of access to the insured property of Plaintiff and Class Members;

   b. Whether the Civil Authority Orders constitute a prohibition of access to the insured property of Plaintiff and Class Members;

   c. Whether the prohibition of access as a result of the COVID-19 pandemic and related Civil Authority Orders has specifically prohibited access to the insured property of Plaintiff and Class Members as defined in the Policy;

   d. Whether Defendant is legally obligated to pay for business interruption losses as a result of the COVID-19 pandemic and/or Civil Authority Orders issued in response to the COVID-19 pandemic;

   e. Whether Plaintiff and Class Members have suffered direct physical loss and/or damage to insured property in accordance with the terms and conditions of Defendant's All-Risk business interruption insurance policies;

   f. Whether Plaintiff and Class Members are excluded from coverage for losses they suffered due to the COVID-19 pandemic and/or resulting Civil Authority Orders based on Defendant's contention that the pandemic and/or resulting Civil Authority Orders did not cause direct physical loss of or damage to covered property of the insured businesses;

   g. Whether Defendant is justified in denying Plaintiff and Class Members' claims.

42. The claims and defenses of Plaintiff, as a representative plaintiff, are typical of the claims and defenses of the Class because Defendant has expressly or by implication wrongfully denied that its policies cover the claims of Plaintiff and the Class Members.

43. Plaintiff, as a representative plaintiff, will fairly and adequately assert and protect the interests of the Class, as follows:

   a. Plaintiff has retained attorneys who are experienced in prosecuting class actions and who will adequately represent the interests of the Class; and

9

      b. Plaintiff has no conflict of interest that will interfere with the maintenance of a class action.

44. A class action provides a fair and efficient method for adjudication of the controversy for the following reasons:

      a. Prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying results against Defendant when confronted with incompatible standards of conduct; and

      b. Adjudications with respect to individual Class Members could, as a practical matter, be dispositive of any interest of other members not parties to such adjudications and substantially impair their ability to protect their interests.

45. Defendant has taken steps to discourage the Class from submitting claims under their policies and has been rejecting and zealously defending against similar claims and related litigation throughout the United States.

## CAUSE OF ACTION

## DECLARATORY RELIEF

46. Plaintiff re-alleges and incorporates by reference in this cause of action each and every allegation set forth in each and every paragraph of this Complaint.

47. The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides that in "a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

48. An actual controversy has arisen between Plaintiff and the Defendant as to the rights, duties, responsibilities and obligations of the parties under the terms of the Policy in that Plaintiff contends and, on information and belief, the Defendant disputes and denies that:

      a. The COVID-19 pandemic constitutes a prohibition of access to Plaintiff's insured Property;

    b. The Civil Authority Orders constitute a prohibition of access to Plaintiff's Insured Property;

    c. The prohibition of access by the COVID-19 pandemic and related Civil Authority Orders has specifically prohibited access as defined in the Policy;

    d. The Civil Authority Orders trigger coverage under the terms of the Policy;

    e. The Policy provides coverage to Plaintiff for any current and future civil authority closures of its businesses in Pennsylvania due to physical loss or damage directly or indirectly from the COVID-19 pandemic under the Civil Authority coverage parameters; and

    f. The Policy provides business income coverage in the event the COVID-19 pandemic directly or indirectly causes a physical loss of or damage to the insured premises or in the immediate area of the Insured Properties.

49. Resolution of the duties, responsibilities and obligations of the parties is necessary as no adequate remedy at law exists and a declaration of the Court is needed to resolve the dispute and controversy.

50. Plaintiff seeks a Declaratory Judgment to determine whether the COVID-19 pandemic and related Civil Authority Orders constitute a prohibition of access to Plaintiff's Insured Property as defined in the Policy

51. Plaintiff further seeks a Declaratory Judgment to affirm that the Civil Authority Orders trigger coverage.

52. Plaintiff further seeks a Declaratory Judgment to affirm that Defendant's Policies provide coverage to Plaintiff and the Class for any current and future business personal property losses, loss of business income, and extended special business income losses as a result of the COVID-19 pandemic and/or related Civil Authority orders affecting the operation of their businesses due to physical loss or damage caused by the COVID-19 pandemic.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff herein prays as follows for:

a. a declaration that the Civil Authority Orders constitute an insured impairment to the operation of the insured business Properties of Plaintiff and the Class Members.

b. the entry of an Order certifying the proposed Class under Rule 23(b)(2).

c. direct notice to the Class under Rule 23.

d. a declaration that the COVID-19 pandemic and/or related Civil Authority Orders constitute the type of restriction on business operations that is a covered cause of loss under the terms of the Policy.

e. a declaration that the Civil Authority Orders trigger coverage under the Policy.

f. a declaration that the COVID-19 pandemic triggers coverage under the Policy.

g. a declaration that the Policy provides coverage to Plaintiff and the Class Members for any current, future and continued business interruption due to physical loss or damage directly or indirectly from the COVID-19 pandemic under the terms of the Policy.

h. a declaration that the Policy provides business income coverage in the event that COVID-19 has directly or indirectly caused a loss or damage to the Insured Properties of Plaintiff and the Class Members or in the immediate area of the Insured Properties of Plaintiff and the Class Members.

i. such other relief as the Court may deem proper.

## **TRIAL BY JURY IS DEMANDED**

Plaintiff hereby demands trial by jury.

Dated: May 20, 2020                                    Respectfully submitted,

                                            By: */s/ Alan M. Feldman*
                                                 Alan M. Feldman
                                                 Daniel J. Mann
                                                 Edward S. Goldis
                                                 Andrew K. Mitnick
                                                 Bethany R. Nikitenko
                                                 FELDMAN SHEPHERD WOHLGELERNTER
                                                 TANNER WEINSTOCK & DODIG, LLP
                                                 1845 Walnut Street, 21st Floor
                                                 Philadelphia, PA 19103
                                                 T: (215) 567-8300
                                                 F: (215) 567-8333
                                                 afeldman@feldmanshepherd.com
                                                 dmann@feldmanshepherd.com
                                                 egoldis@feldmanshepherd.com
                                                 amitnick@feldmanshepherd.com
                                                 bnikitenko@feldmanshepherd.com

                                                 James A. Francis
                                                 John Soumilas
                                                 FRANCIS MAILMAN SOUMILAS, P.C.
                                                 1600 Market Street, Suite 2510
                                                 Philadelphia, PA 19103
                                                 T: (215) 735-8600
                                                 F: (215) 940-8000
                                                 jfrancis@consumerlawfirm.com
                                                 jsoumilas@consumerlawfirm.com

                                               *Attorneys for Plaintiff*